IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UMBRA TECHNOLOGIES LTD. (UK),<br>UMBRA TECHNOLOGIES LIMITED (CN)<br>& UMBRA TECHNOLOGIES (US) INC.,<br>dba UMBRA TECHNOLOGIES,<br><br>*Plaintiffs*,<br><br>v.<br><br>CISCO SYSTEMS, INC.,<br><br>*Defendant*. | Civil Action No.: 1:23-cv-903-DII<br><br>**JURY TRIAL DEMANDED** |

**PROPOSED SCHEDULING ORDER**

Pursuant to Federal Rule of Civil Procedure 16, the following Scheduling Order is issued by the Court:

1. A report on alternative dispute resolution in compliance with Local Rule CV-88 shall be filed on or before **March 3, 2025** specifying (a) status of settlement discussions between the parties; and (b) the parties' plan for completing ADR not later than 60 days before the trial.

2. Each party shall complete and file the attached "Notice Concerning Reference to United States Magistrate Judge" on or before **April 4, 2024**.

3. The parties shall serve initial disclosures on or before **March 6, 2024**.

4. On or before **May 1, 2024**, Defendant shall produce the following documents and information to Plaintiff's counsel:

    a. Core technical documents sufficient to show the design, structure, and operation of the Accused Produce (including to show potentially relevant changes to the Accused Products since those products were introduced) and enable Plaintiff to provide meaningful infringement contentions;

1

    b. Documents sufficient to show the revenues and sales volumes for the Accused Product(s) going back two years from the date of suit to end of **April 2024**.

5. The parties may amend or supplement pleadings to join additional parties on or before **May 7, 2024**.

6. On or before **May 29, 2024**, Plaintiff shall serve a disclosure of asserted claims and preliminary infringement contention (and accompanying document production) containing the following information: (1) a chart identifying specifically and in detail where each element of each asserted claim is found within each accused instrumentality; (2) whether each element of each asserted claim is found within each accused instrumentality; (3) for any claims the Plaintiff contends are entitled to a priority date and the basis and evidence supporting that date; (4) documents sufficient to evidence each discussion with, disclosure to, or any other manner of providing to a third party, or sale or offer to sell, the claimed invention prior to the date of application for the asserted patents; (5) documents evidencing the conception, reduction to practice, design, and development of each claimed invention, that were created on or before the date of the application for the asserted patents or any earlier priority date claimed to be applicable; (6) a copy of the file history for each patent in suit; and (7) copies of any patent licenses to the asserted patent or related patents.

7. Plaintiff shall submit a written offer of settlement to Defendant on or before **August 5, 2024**, and Defendant shall respond, in writing, on or before **August 27, 2024**. All offers of settlement are to be private, not filed. The parties are ordered to retain the written offers of settlement and responses so the Court may use them in assessing attorney's fees and costs at the conclusion of the trial.

8. On or before **July 16, 2024** Defendant shall serve its preliminary invalidity contentions (and accompanying document production) containing the following information: (1) a chart identifying where specifically and in detail in each alleged item of prior art each element of each asserted claim is found; (2) and grounds of invalidity based on indefiniteness under 35 U.S.C. § 112(2) or enablement or written description under 35 U.S.C. § 112(1); (3) source code, specifications, schematics, flow charts, artwork, formulas, or other document sufficient to show the operation of any aspects or elements of an accused instrumentality identified by plaintiff in its preliminary infringement contentions, and not previously produced with the core technical production provided earlier; and (4) a copy of each item of prior art identified in subparagraph (1) herein that does not appear in the file history of either patent in suit (to the extent any such item is not in English, and English translation of each portion relied upon must be produced).

9. The parties shall exchange claim terms to be construed on or before **July 30, 2024**.

10. The parties shall exchange proposed claim construction on or before **August 20, 2024**. At the same time the parties exchange their respective proposed claim constructions, they must each also exchange a preliminary identification of extrinsic evidence, including, without limitation, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses they contend to support their respective claim constructions. With respect to any percipient or expert witness, the parties must also provide a brief description of the substance of that witness' proposed testimony.

11. The parties shall file opening claims construction briefs on or before **October 1, 2024**.

12. The parties shall file responsive claims construction briefs on or before **October 29, 2024**.

13. The court shall hold a claim construction hearing on [**December        , 2024**].

14. Fact discovery opens on the **January 2, 2025**.

15. Fact discovery ends **September 30, 2025**.

16. All parties, on issues on which they have the burden, may file their designation of testifying experts and serve on all parties, but not file, the materials required by Federal Rule of Civil Procedure 26(a)(2)(B) on or before **November 21, 2025**.  Parties in response to those issues may file their designation of the Federal Rule of Civil Procedure 26(a)(2)(B) testifying experts and serve on all parties, but not file, the materials required by on or before **January 15, 2026**.

17. The parties shall complete all expert discovery on or before **February 5, 2026**.

18. An objection to the reliability of an expert's proposed testimony under the Federal Rule of Evidence 702 shall be made by motion, specifically stating the basis for the objection and identifying the objectionably testimony, **by the deadline for dispositive motions.**

19. All dispositive motions shall be filed on or before **April 9, 2026** and shall be limited to 20 pages.  Responses shall be filed and served on all other parties not later than 21 days after the service of the motion and shall be limited to 20 pages.  Any replies shall be filed and served on all other parties not later than 7 days after the service of the response and shall be limited to 10 pages, but the Court need not wait for the reply before ruling on the motion.

20. The Court will set this case for pretrial conference at a later time.  The final pretrial conference shall be attended by at least one of the attorneys who will conduct the trial for each of the parties and by any unrepresented parties. The parties should consult Local Rule CV-16(e) regarding matters to be filed in advance of the final pretrial conference.

     The parties may modify the deadlines in this Order by agreement, with the exception of the dispositive motions deadline and the trial date. Those dates are firm. The Court may impose

sanctions under Federal Rule of Civil Procedure 16(f) if the parties do not make timely submissions under this Order.

    SIGNED on _____, 2024

_____
ROBERT PITMAN
UNTIED STATES DISTRICT JUDGE