IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UMBRA TECHNOLOGIES LTD. (UK), UMBRA TECHNOLOGIES LIMITED (CN), and UMBRA TECHNOLOGIES (US) INC., d/b/a UMBRA TECHNOLOGIES, <br><br> Plaintiffs, <br><br> v. <br><br> CISCO SYSTEMS, INC., <br><br> Defendant. | § § § § § § § § § § § § § | 1:23-CV-903-DII |

## ORDER

Before the Court is Defendant Cisco Systems, Inc.'s ("Cisco") Opposed Motion To Stay Pending *Inter Partes* Review. (Dkt. 33). Plaintiffs UMBRA Technologies Ltd. (UK), UMBRA Technologies Limited (CN), and UMBRA Technologies (US) Inc. *d/b/a* UMBRA Technologies (collectively, "UMBRA") filed a response in opposition, (Dkt. 37), and Cisco filed a reply, (Dkt. 38). Having considered the parties' arguments and the relevant law, the Court will grant the motion to stay the case.

UMBRA filed its complaint on August 2, 2023, alleging that Cisco infringes U.S. Patent Nos. 10,574,482 (the "'482 patent"), 10,630,505 (the "'505 patent"), 11,108,595 (the "'595 patent"), and 11,146,632 (the "'632 patent") (collectively, the "Patents-in-Suit"). (Dkt. 1). Cisco filed a motion to dismiss the complaint on October 13, 2023. (Dkt. 15). Cisco filed a petition with the Patent Trial and Appeal Board (the "PTAB") for *inter partes* review ("IPR") of the '482 patent (IPR2024-00498) and '632 patent (IPR2024-00344) on January 29, 2024 and for the '505 patent (IPR2024-00497) and '595 patent (IPR2024-00270) on February 26, 2024. (Mot. Stay, Dkt. 33, at 2). Cisco moves to stay all proceedings in this case pending resolution of these proceedings before the PTAB. (*Id.* at 1).

1

District courts generally consider three factors when determining whether to stay a matter in light of *inter partes* proceedings: (1) whether a stay will simplify the issues raised; (2) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party; and (3) the status of the litigation at the time the stay is requested. *See Crossroads Sys. v. DOT Hill Sys. Corp.*, No. A-13-CA-1025-SS, 2015 WL 3773014, at *2 (W.D. Tex. Jun. 16, 2015).

Cisco contends that: (1) a stay will not unduly prejudice UMBRA because it does not compete with Cisco and because UMBRA is a non-practicing entity; (2) this case is in its early stages, as discovery has not begun, infringement contentions have not been exchanged, and claim construction has not begun; and (3) a stay has a substantial likelihood of simplifying the issues, as the *inter partes* petition includes every patent claim at issue. (Mot. Stay, Dkt. 33). UMBRA responds that: (1) it is not a non-practicing entity and it does compete with Cisco; (2) the case already has an "efficient schedule" in place; and (3) any simplification of the issues would be limited. (Resp., Dkt. 37).

The Court finds that the factors weigh in favor of granting a stay. First, should the PTAB decide to engage in *inter partes* review, the issues in this case could be greatly simplified, given that the PTAB could find that all or some of the claims of the Patents-in-Suit are unpatentable. And if "some of the asserted claims survive [*inter partes*] review, then statements and reasoning by the PTAB may be persuasive as this court construes the parties' disputed claim terms." *Anza Tech., Inc. v. Avant Tech., Inc.*, No. A-17-CV-01193-LY, 2018 WL 11314191, at *2 (W.D. Tex. Nov. 15, 2018). However, even if the PTAB decides not to engage in *inter partes* review, the case will only have been stayed a matter of months, as institution decisions on the four Patents-in-Suit are expected in August and September of 2024, (Mot. Stay, Dkt. 33, at 2), and proceedings can begin again at that time. *See Nobots, LLC v. Google, LLC*, No. 1:22-cv-585-RP, Dkt. 53 (W.D. Tex. July 13, 2022). Accordingly, there is a high likelihood that a stay will simplify the issues in the case.

Second, the Court finds that—should the PTAB decide not to institute *inter partes* review—a short stay of the proceedings will not unduly prejudice UMBRA. Cisco asserts that it does not compete with UMBRA and that UMBRA is a non-practicing entity, while UMBRA maintains that it competes with Cisco and is not a non-practicing entity. (*Compare* Mot. Stay, Dkt. 33, at 4–6, *with* Resp., Dkt. 37, at 6–8). UMBRA only seeks monetary damages in its complaint, (Dkt. 1, at 22), which seems to indicate that it does not compete with Cisco. If the parties do not compete, a stay will not unduly prejudice UMBRA's interests. *See Bell Semiconductor, LLC v. NXP Semiconductors, N.V.*, No. 1:20-CV-611-LY, 2022 WL 1447948, at *2 (W.D. Tex. Feb. 7, 2022). To the contrary, this Court has held that a party's "mere delay in collecting [monetary] damages does not constitute undue prejudice." *Crossroads Sys.*, 2015 WL 3773014, at *2. However, even if UMBRA is a competitor of Cisco, "even where parties are competitors, courts have found a stay is not unduly prejudicial to the patentee." *Id.* at *3; *see also e-Watch, Inc. v. ACTi Corp.*, No. CIV.A. SA-12-CA-695, 2013 WL 6334372, at *4 (W.D. Tex. Aug. 9, 2013), *report and recommendation adopted*, No. CIV.A. SA-12-CA-695, 2013 WL 6334304 (W.D. Tex. Aug. 26, 2013). A delay of a few months while the PTAB determines whether to institute IPR will not unduly prejudice UMBRA, nor will a stay pending IPR unduly prejudice UMBRA should the PTAB decide to institute IPR.

Finally, this case is at an early stage of litigation, as the Court has only recently entered a scheduling order in this case a few weeks before the motion to stay was filed. (Dkt. 32). Discovery will not begin until January 2, 2025; infringement contentions will not be exchanged until July 16, 2024; and claim construction has not begun. (*Id.*). Therefore, this early stage of litigation favors a stay. *See, e.g.*, *Bell Semiconductor*, 2022 WL 1447948, at *2; *Landmark Tech., LLC v. iRobot Corp.*, No. 6:13-cv-411-JDL, 2014 WL 486836, at *3 (E.D. Tex. Jan. 24, 2014) ("Staying a case at an early juncture can advance judicial efficiency and maximize the likelihood that neither the court nor the

parties expend their assets addressing invalid claims.") (internal quotation marks and citation omitted).

For these reasons, **IT IS ORDERED** that Cisco's opposed motion to stay pending *inter partes* review, (Dkt. 33), is **GRANTED**. This action is **STAYED** pending further order of the Court.

**IT IS FURTHER ORDERED** that the parties shall file quarterly status reports apprising the Court of the status of the *inter partes* review, with the first status report due on or before **July 25, 2024**.

**SIGNED** on April 25, 2024.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE